**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**AUSA Katherine A. Rykken**
Assistant U.S. Attorney
AUSA Katherine.Rykken@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

August 6, 2026

Mr. Erik E. Eklund
Law Office Of Erik E Eklund
333 SW Taylor St Ste 300
Portland OR 97204

Re: *United States v. Jackson Reves*, Case No. 3:24-cr-00342-SI
Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to Count Two of the Indictment, which charges Kidnapping in violation of Title 18, United States Code, Section 1201(a)(1).

3. **Penalties**: The maximum sentence is life imprisonment, a fine of $250,000 or twice the gross pecuniary gains or losses resulting from the offense if such amount exceeds $250,000, up to 5 years of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment on the day of sentencing or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

Defendant understands that pleading guilty to the charge(s) in this plea agreement may have immigration consequences if defendant is not a United States citizen, including removal from the United States, denial citizenship, and denial of admission to the United States in the future. Furthermore, if any crime of conviction is an aggravated felony as defined in 8 U.S.C. § 1101(a)(43), such conviction makes it practically inevitable and a virtual certainty that the

defendant will be removed or deported from the United States. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.

4. **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5. **Elements and Factual Basis**: In order for defendant to be found guilty of Count Two of the Indictment, the government must prove the following elements beyond a reasonable doubt:

First, that the defendant, Jackson Reves, seized, confined, kidnapped, abducted, or carried away Adult Victim 1 ("AV1");

Second, that the defendant, Jackson Reves, held AV1 for ransom, reward, or any other reason;

Third, that the defendant, Jackson Reves, traveled in interstate or foreign commerce or used an instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense; and

Fourth, that the defendant, Jackson Reves, acted unlawfully, knowingly, and willfully.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. The following facts are true and undisputed:

On November 10, 2023, within the District of Oregon, AV1 was seized, kidnapped, beaten and held for financial gain by the defendant and his co-defendants.

On November 8, 2023, defendant and his accomplices travelled to Oregon from Florida by using a commercial airline to carry out this offense. Defendant and his accomplices then rented vehicles using a car-sharing application called Turo. They conducted surveillance on AV1's apartment in the District of Oregon, waiting for the right opportunity to kidnap AV1.

On November 10, 2023, defendant and his co-defendants kidnapped AV1 and confined AV1 in a vehicle. During the kidnapping, defendant and his co-defendants severely and repeatedly beat AV1. The assault resulted in serious physical injury to AV1, including several broken bones and a collapsed lung.

Defendant kidnapped and assaulted AV1 because of perceived threats AV1 made to unindicted associates of the defendant, as retribution for AV1's suspected communication with law enforcement, and to rob AV1 of crypto currency. After AV1 revealed access information to his devices and crypto currency accounts, he was transported to the area of North Plains, Oregon, where defendant and his co-defendants stripped AV1 of clothing, tied AV1 to a pole, and left AV1 alone in a field. Defendant and his co-defendants stole approximately $128,000 worth of cryptocurrency from AV1.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Relevant Conduct**: The parties stipulate and agree to the applicability of the following guidelines calculations and adjustments.

| | | |
|---|---|---|
| Base Offense Level | +32 | USSG § 2A4.1 |
| Serious Bodily Injury | +2 | USSG § 2A4.1(b)(2)(B) |
| Acceptance of Responsibility | -3 | USSG § 3E1.1 |
| Variance | -2 | 18 U.S.C. § 3553(a) |
| **Total** | **29** | |

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, fails to timely complete a Financial Disclosure Statement as outlined in this agreement, if applicable, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9. **Sentencing Recommendation**: The parties jointly recommend the low end of the applicable guideline range; followed by 5 years of supervised release, and the $100 statutory fee assessment, as long as defendant demonstrates an acceptance of responsibility as explained above.

10. **"Safety Valve" Adjustment**: The parties agree that this adjustment under 18 U.S.C. § 3553(f) and USSG § 5C1.2 are not applicable to the offense conduct.

11. **Zero-Point Offender Adjustment**: The parties agree that the defendant does not meet the criteria for this adjustment under USSG § 4C1.1.

12. **Additional Adjustments or Variances**: The USAO agrees not to seek any upward adjustments or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant agrees not to seek any additional downward adjustments or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range, except as specified in this agreement.

13. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that the sentence imposed exceeds the statutory maximum. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction(s) or sentence under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

14. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

15. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

16. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, commits any new criminal offenses, absconds or fails to appear for any hearing, or fails to report as directed by a supervising officer between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court prior to sentencing, or defendant must raise an immediate objection if the claim arises out of conduct at the sentencing hearing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

17. **Restitution**: Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature

on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

**Transfer of Assets**

Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

**Restitution**

The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

18. **Use of Plea-Related Statements**: Except under circumstances where the Court, acting on its own, fails to accept this agreement, defendant agrees that, upon defendant's signing of this agreement, the facts that defendant has admitted under this plea agreement as set forth above, as well as any facts to which defendant admits in open court at defendant's plea hearing, shall be admissible against defendant under Fed. R. Evid. 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and defendant expressly waives defendant's rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 with regard to the facts defendant admits in conjunction with this plea agreement.

19. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

///

///

///

///

///

///

///

///

///

///

20. **Deadline**: This plea offer expires if not accepted by August 21, 2026 at 5:00 p.m.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

*/s/ Katherine A. Rykken*

AUSA Katherine A. Rykken
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

8/14/26
Date

JRC
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

8/14/26
Date

[signature]
Attorney for Defendant